IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRANCE H. BUCKLEY | ) | |
| | ) | |
| v. | ) | NO: 3:13-1117 |
| | ) | |
| CCA/METRO DAVIDSON COUNTY | ) | |
| DETENTION FACILITY, et al. | ) | |

**O R D E R**

Presently pending before the Court are several motions filed by the pro se prisoner plaintiff in this action: motion of discovery (Docket Entry No. 38); motion of discovery (Docket Entry No. 39); motion to amend pleadings (Docket Entry No. 44); and motion to amend complaint (Docket Entry No. 45). The motions actually consist of laundry lists of distinct "motions" from the plaintiff totaling approximately 60 separate requests among the 44 pages of the four motions, although some of the requests are repeated several times. The Defendants have filed responses in opposition. See Docket Entry Nos. 41-43. The Court has reviewed the plaintiff's filings and cannot discern anything in these filings that warrants an Order from the Court. Accordingly, the motions are DENIED.

Many of the matters raised in the motions appear to be based on the plaintiff's dissatisfaction with events that are not relevant to this lawsuit. As explained in the Order entered December 9, 2013 (Docket Entry No. 27), the plaintiff cannot use this lawsuit to obtain any type of relief related to the actual legality or duration of his confinement. Further, the mere fact that the plaintiff has filed a civil rights lawsuit does not mean that every event of his incarceration about which he objects becomes a part of his lawsuit. The only claims involved in this lawsuit are a claim that officers failed to protect him from another inmate and, as a result, he suffered an injury to his right foot, a claim that

the medical care at the Detention Facility has been inadequate, a claim that he was sexually harassed while in segregation, a claim that the grievance procedures are inadequate, and a claim that an officer discriminated against him. See Order entered October 11 2013 (Docket Entry No. 4), at 2. Although the plaintiff styles several of his requests as motions to amend, he has not clearly set out any new claim related to the facts of this lawsuit nor any new defendants who should be added to any of the already existing claims in this action.

The Plaintiff's requests for dismissal, for summary judgment, and for judgment on the pleadings are procedurally deficient and totally unsupported. To the extent that he requests "discovery," any discovery requests should be sent to the opposing party and not be sent to the Court. The Court will also not issue discovery subpoenas to non-parties absent a persuasive basis, which has not been shown in this case. The plaintiff has not shown a compelling need for the appointment of a medical expert nor any need for the appointment of a trustee or guardian ad litem.

The record reveals that Defendants Michael Sullivan and Frederick Tindall remain unserved in the action and that process for these two defendants was returned unexecuted. See Docket Entry Nos. 16 and 34. The Clerk is directed to re-issue process to Defendant Tindall, who was on medical leave in November 2013, when service of process was originally attempted. Defendant CCA is ORDERED to provide to the Court, within fourteen (14) days of this Order, the last known home address of Michael Sullivan since Mr. Sullivan no longer appears to be employed by CCA. Such information shall be provided UNDER SEAL. Upon receipt of such information, the Court will direct that process re-issue to Mr. Sullivan.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must

be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

SO ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge