IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRANCE H. BUCKLEY | ) | |
| | ) | |
| v. | ) | NO: 3:13-1117 |
| | ) | |
| CCA/METRO DAVIDSON COUNTY | ) | |
| DETENTION FACILITY, et al. | ) | |

TO:   Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered October 11, 2013 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Presently pending is the plaintiff's motion (Docket Entry No. 40) for a temporary restraining order, to which the Defendants have responded in opposition. See Docket Entry No. 41. Set out below is the Court's recommendation for disposition of the plaintiff's motion.

## I. BACKGROUND AND ANALYSIS

The plaintiff is an inmate confined at the Metro-Davidson County Detention Facility ("MDCDF"). He filed this action pro se and in forma pauperis on October 8, 2013, against 13 prison officials alleging a claim that officers failed to protect him from another inmate and, as a result, he

suffered an injury to his right foot, a claim that the medical care at the Detention Facility has been inadequate, a claim that he was sexually harassed while in segregation, a claim that the grievance procedures are inadequate, and a claim that an officer discriminated against him. See Docket Entry No. 4, at 2. By the Order of referral, the action was permitted to proceed against the named defendants.

By his motion, the plaintiff states:

> While I'm still in CCAs (sic) custody due to me not getting the things I need as an inmate lawyer call, hygiene, safety, food poisoned, verbal abuse and retaliation every time I see one of the defendants I feel funny and they seem like they are always up to something this goes for all defendants in case # 3:13-cv-01117.

See Docket Entry No. 40, at 1. Attached to the motion is what appears to be a journal of events compiled by the plaintiff of events that occurred during January and February of 2014. Id. at 3.

The moving party has the burden of proving that the circumstances "clearly demand" a TRO or a preliminary injunction. Overstreet v. Lexington–Fayette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir.2002). Although the Court does not take lightly assertions of food poisoning, the plaintiff has simply not supported the issuance of any type of temporary restraining order or preliminary injunctive relief. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012); Leary v. Daeschner, 228 F.3d. 729, 736 (6th Cir. 2000); Six Clinics Holding Corp., II v. CAFCOMP Systems, 119 F.3d 393, 401 (6th Cir. 1997) Parker v. U.S. Dep't of Agric. 879 F.2d. 1362, 1367 (6th Cir. 1989); Mason Cnty Med. Assocs. v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977).

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the plaintiff's motion (Docket Entry No. 40) for a temporary restraining order be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge