IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRANCE H. BUCKLEY | ) | |
| | ) | |
| v. | ) | NO: 3:13-1117 |
| | ) | |
| CCA/METRO DAVIDSON COUNTY | ) | |
| DETENTION FACILITY, et al. | ) | |

**O R D E R**

Presently pending before the Court is the Defendants' Motion for Summary Judgment (Docket Entry No. 68). The Defendants' motion (Docket Entry No. 67) to be permitted to file a supporting brief that exceeds the 25 page limitation for such filings imposed by Rule 7.01(a) of the Local Rules of Court is GRANTED.

In light of the motion for summary judgment, the evidentiary hearing currently set for June 11, 2014, is CANCELLED.

The plaintiff shall have until June 14, 2014, to file a response to the motion for summary judgment. The plaintiff is advised that Rule 56(a) of the Federal Rules of Civil Procedure mandates that summary judgment be granted if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Once the defendants properly show the absence of a genuine dispute for trial, the plaintiff must show that the material facts are genuinely disputed by citing to materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, or show that the materials cited by the defendants do not

establish an undisputed fact or that the defendants cannot produce admissible evidence to support such fact(s).

The plaintiff is also advised that, if he wishes to dispute the facts submitted by the defendants, he must respond to the defendants' Statement of Undisputed Facts (Docket Entry No. 76) in accord with Local Rule 56.01(c), by responding to each fact set forth by the defendants by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purposes of ruling on summary judgment; or (3) by demonstrating that the fact is disputed, with specific citation to the record. The plaintiff may include his responses to each fact listed on the same copy of the defendants' Statement of Undisputed Facts with which he was served, and then file that document together with his response. If the plaintiff needs more space to respond to the defendants' Statement of Undisputed Facts, the plaintiff may attach additional pages thereto.

Finally, the plaintiff is advised that failure to file a timely response to the motion for summary judgment could result in the dismissal of the claims brought against the defendants.

Also pending before the Court are two requests by the plaintiff for the issuance of subpoenas duces tecum to Corrections Corporation of America. He seeks the production of documents at the evidentiary hearing that was scheduled for June 11, 2014.

These requests (Docket Entry Nos. 63 and 66) are DENIED. First, the requests have become moot in light of the cancellation of the evidentiary hearing. Second, the scheduling order (Docket Entry No. 31) set out a period for discovery in this action that concluded on April 11, 2014. There is no indication that the plaintiff sought production of the requested documents from the defendants before April 11, 2014. The Court is not willing to issue subpoenas duces tecum for documents that could have been obtained during discovery.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

SO ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge