IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERRANCE H. BUCKLEY )
)
v. ) NO: 3:13-1117
)
CCA/METRO DAVIDSON COUNTY )
DETENTION FACILITY, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered October 11, 2013 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Presently pending are the Defendants' motion for summary judgment (Docket Entry No. 68) and the motion for judgment on the pleadings filed by Defendant Michael Sullivan (Docket Entry No. 86). The plaintiff has not filed a response in opposition to the motions.[1] For the reasons set out herein, the Court recommends that the motions be granted and this action be dismissed.

---

[1] By Order entered July 1, 2014 (Docket Entry No. 99), the Court extended to July 18, 2014, the deadline for the plaintiff to file a response to the pending motions.

## I. BACKGROUND

The plaintiff is a former inmate who was confined at the Metro-Davidson County Detention Facility ("Detention Facility") at the time of the events at issue and at the time the complaint was filed. He filed this action pro se and in forma pauperis on October 8, 2013, seeking damages under 42 U.S.C. § 1983 based upon:

1) a claim that officers at the Detention Facility failed to protect him from another inmate and, as a result, he was assaulted by that inmate and suffered an injury to his right foot;

2) a claim that medical care at the Detention Facility was inadequate;

3) a claim that he was sexually harassed while in segregation at the Detention Facility;

4) a claim that the grievance procedures at the Detention Facility are inadequate; and

5) a claim that an officer discriminated against him at the Detention Facility.

See Docket Entry No. 4, at 2. By the Order of referral, the action was permitted to proceed against fourteen of the named Defendants – Corrections Corporation of America ("CCA"), Yesnia Bermudez ("Bermudez"), Kyle Collins ("Collins"), Kevin Fisher ("Fisher"), Irena Fitzgerald ("Fitzgerald"), Jahzeel Gayle ("Gayle"), Latanya Gumbs ("Gumbs"), James Henrich ("Henrich"), Tethi Inman ("Inman"), Mitsue Maxwell ("Maxwell"), Yoshi Quezergue ("Quezergue"), Frederick Tindall ("Tindall"), Joseph Whitlow ("Whitlow"), and Michael Sullivan ("Sullivan").[2] The Defendants were served with process, and a scheduling order (Docket Entry No. 31) was entered providing for a period of pretrial activity in the action. On June 11, 2014, the plaintiff filed a notice

---

[2] In the Order of referral, the Court dismissed all claims against the Detention Facility and the CCA Medical Clinic, and also found that the sole plaintiff in the action was Terrance Buckley even though another individual, William Blunkan, was listed in the style of the case as a plaintiff. See Docket Entry No. 4.

of a change of address stating that he had been released from incarceration and providing a free world address. See Docket Entry No. 90. However, mail from the Court sent to the address provided by the plaintiff was returned as undeliverable. See Docket Entry Nos. 97, 98, and 100-102.

By their motion for summary judgment, Defendants CCA, Bermudez, Collins, Fisher, Fitzgerald, Gayle, Gumbs, Henrich, Inman, Maxwell, Quezergue, Tindall, and Whitlow raise both technical and substantive defenses to the claims brought by the plaintiff. The Defendants assert that the plaintiff failed to fully exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and, with the exception of his failure to protect claim, failed to allege that he suffered any physical injury as a result of his remaining claims and is thus barred from seeking monetary damages for these claims. Defendant CCA argues that there are no facts that support a claim of liability against it under Section 1983, and Defendants Fisher, Gayle, Gumbs, Henrich, and Inman, argue that they are only specifically mentioned in the complaint's listing of defendants and there are no factual allegations in the complaint against them. The remaining Defendants argue that the undisputed facts fail to support the plaintiff's claims that they violated his constitutional rights. In support of their motion, the Defendants submit a Statement of Undisputed Material Facts (Docket Entry No. 70), and the Affidavits and supporting exhibits of Audrey Rimmer (Docket Entry No. 71), James Henrich, L.P.N. (Docket Entry No. 72), Frederick Tindall (Docket Entry No. 73), and Blair Leibach (Docket Entry No. 74).

By his motion for judgment on the pleadings, Defendant Sullivan echoes the arguments of the Defendants who asserts that they are only mentioned in the complaint's listing of defendants and that the complaint contains no factual allegations against them. See Supporting Memorandum of Defendant Sullivan (Docket Entry No. 87).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

4

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. CONCLUSIONS

Although the plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d), when his claims are challenged upon a motion for summary judgment, he cannot merely rest on allegations contained in the complaint. He must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff's pro se status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist

5

which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). The plaintiff fails to satisfy this basic requirement. The Defendants have presented arguments and/or evidence supporting the dismissal of each claim raised by the plaintiff. Based on the Defendants' arguments and evidence and in light of the complete lack of evidence from the plaintiff, no reasonable jury could find in favor of the plaintiff on his claims.

The claims against Defendants Fisher, Gayle, Gumbs, Henrich, Inman, and Sullivan are not supported by even cursory allegations of constitutional wrongdoing. A defendant cannot be held individually liable under Section 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Miller v. Calhoun County, 408 F.3d 803, 817, n.3 (6th Cir. 2005); Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992).

Similarly, there are no facts supporting a claim of liability against Defendant CCA, which cannot be held liable under Section 1983 merely because of the actions of its employees. The plaintiff must show some evidence that CCA had a custom or policy that caused the alleged constitutional violation or that it authorized, approved, or knowingly acquiesced in the violation of the plaintiff's constitutional rights. Such a showing is required because "[r]espondeat superior is not a proper basis for liability under § 1983." McQueen v. Beecher Cmty. Schs., 433 F.3d 460, 470 (6th Cir. 2006); Street v. Corrections Corp. of Am., 102 F.3d 810, 818 (1996). See also Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Starcher v. Correctional Med. Sys., Inc., 7 Fed.Appx. 459, 2001 WL 345810 (6th Cir. March 26, 2001).

The constitutional claims against the remaining Defendants should likewise be dismissed. The plaintiff's claims of sexual harassment and discrimination are based upon only conclusory and cursory allegations set out in the complaint. Such allegations cannot support claims under Section 1983. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985). With respect to his inadequate medical care claim, the plaintiff fails to set forth any evidence that he was subjected to deliberate indifference to his serious medical needs as is required for a constitutional claim based on the denial of medical care. See Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Similarly, his allegations that he was assaulted by another inmate is not supported by evidence showing that there was a substantial risk of serious harm to the plaintiff's safety, that a defendant knew of that harm, and that such defendant acted or failed to act in a manner which was deliberately indifferent to this substantial risk. See Farmer v. Brennan, 511 U.S. 825, 834-37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Greene v. Bowles, 361 F.3d 290, 294 (6th Cir. 2004). At best, he alleges negligent conduct, which is not sufficient to support a claim under Section 1983. See Woods v. Lecureux, 110 F.3d 1215, 1222 (6th Cir. 1997).

Finally, the plaintiff's complaints about the grievance procedure at the Detention Facility fail to support a constitutional claim because there is no constitutional right to an effective, fair, or properly functioning prison grievance procedure and a prison inmate does not have a protected interest in prison grievance procedures. See Walker v. Michigan Dep't of Corr., 128 Fed. Appx. 441 (6th Cir. Apr. 1, 2005); Miller v. Haines, 156 F.3d 1231, 1998 WL 476247 (6th Cir. Aug. 3, 1998).

Given the Court's conclusion that Defendants are entitled to summary judgment because there is a lack of supporting evidence for the plaintiff's claims, the Court declines to address the merits of the exhaustion and lack of actual injury arguments raised by the Defendants.

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 68) and motion for judgment on the pleadings (Docket Entry No. 86) be GRANTED and this action be DISMISSED WITH PREJUDICE as to all Defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge